IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv291

| | |
|---|---|
| MARTIN MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| RHA HEALTH SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 9]. Plaintiff, who is proceeding *pro se,* brought this action against Defendant asserting claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964. Defendant moves to dismiss the Complaint in its entirety. Specifically, Defendant contends that the Complaint is subject to dismissal because Plaintiff failed to bring this action within the required time period and failed to exhaust his administrative remedies. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 9].

**I.     Background**

Plaintiff began his employment with Defendant on February 18, 2013, as a

clinical addiction specialist. (Ex. 1 to Pl.'s Compl. at p. 11, ECF No. 1-1.) Several months later, Plaintiff made a complaint to the corporate compliance officer about the program director sharing offensive sexual information about himself with Plaintiff. (Id.) Defendant then undertook an investigation, with was concluded on September 24, 2013. (Id.) Approximately one month later, Plaintiff was allegedly singled out and issued a final warning by this same program director about performance problems. (Id.) Plaintiff was then placed in a performance improvement plan. (Id.) Defendant eventually terminated Plaintiff's employment on February 6, 2014. (Id.)

After his termination of employment, Plaintiff brought a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Id.) The Charge of Discrimination claimed that Plaintiff was discriminated against in retaliation for his complaint of sexual harassment. (Id.) The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on September 14, 2015. (Pl.'s Compl. at p. 3, ECF No. 1.) Subsequently, Plaintiff brought this action asserting a claim for sexual harassment and a claim for retaliation on December 29, 2015.

Defendant now moves to dismiss the Complaint in its entirety. Plaintiff timely responded to the Motion to Dismiss. Accordingly, Defendant's Motion to

Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III.   Analysis**

**A. Plaintiff's Claims are Time-Barred**

A plaintiff must file his or her civil action within ninety days of receipt of a notice of right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Where a plaintiff neglects to file suit within the ninety day limitations period, the claims are time-barred and subject to dismissal. See Bryant v. Bell Atlantic Md., Inc., 288

F.3d124, 132 n.4 (4th Cir. 2002); Harvey v. City of New Bern Police Dep't, 813 F.2d 652 653-54 (4th Cir. 1987). Plaintiff received the Notice of Right to Sue on September 14, 2015. (Pl.'s Compl. at p. 3.) Plaintiff, however, waited more than ninety days to bring this action, filing his Complaint on December 29, 2015. Moreover, Plaintiff has not set forth any facts that would subject the limitations period to equitable tolling. To the extent that Plaintiff contends that equitable tolling is appropriate in this case because of some error by the Clerk's Office, the Court finds that such allegations are baseless. The Court finds no such error on the part of the Clerk's Office. In fact, the Court finds that the Clerk's Office for the Asheville Division of the United States District Court for the Western District of North Carolina handled this case and Plaintiff appropriately. Finally, the Court notes that the Order of dismissal in May v. RHA, No. 1:15-cv-002066-MR-DLH (W.D.N.C. filed Dec. 18, 2015) (Reidinger, J.), did not toll the ninety day limitations period. See Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 329-30 (4th Cir. 2012) (Noting "the general rule that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90–day limitations period."); Tisdale v. Enterprise Leasing Company-Southeast, LLC, No. 3:13CV221-MU, 2013 WL 3227927 (W.D.N.C. Jun. 25, 2013) (Mullen, J.). Accordingly, Plaintiff's Title VII claims are time-barred and subject to dismissal.

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 9] and dismiss Plaintiff's Complaint as time-barred.

### B. Plaintiff's Claim of Sex Discrimination

Before a plaintiff files suit under Title VII, he or she must first file a charge of discrimination with the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation." Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005). The EEOC charge defines the scope of a plaintiff's right to bring a subsequent civil action in federal court. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). If a plaintiff fails to file a charge of discrimination and exhaust her administrative remedies, a federal court lacks subject matter jurisdiction over the claim of discrimination. Jones, 551 F.3d at 300.

A plaintiff, therefore, is generally limited to the allegations contained in the administrative charge of discrimination in a subsequent federal lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996); Chacko, 429 F.3d at 509 ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); Jones,

551 F.3d at 300 ("The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents."). For example, a plaintiff who only alleges race discrimination in his charge of discrimination with the EEOC may not maintain an action in federal court based on an allegation of age discrimination. See Chacko, 429 F.3d at 509. "Only those discrimination claims stated in the initial charge, those reasonable related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." Evans, 80 F.3d at 963; see also Chacko, 429 F.3d at 509. Courts, however, must liberally construe an administrative charge of discrimination because it is typically not prepared by an attorney. Chacko, 429 F.3d at 509; Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011). "[S]o long as "a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation," she "may advance such claims in her subsequent civil suit.'" Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 594 (4th Cir. 2012) (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000).

Aside from being time-barred, Plaintiff's claim of sex discrimination is also subject to dismissal for failure to exhaust his administrative remedies. In filling out the Charge of Discrimination, Plaintiff marked only the retaliation box. (Ex. 1.

to Pl.'s Compl. at p 11.) Plaintiff did not mark the box for sex discrimination. (Id.) Although Plaintiff references a lone incident of his program director sharing offensive sexual information with him, Plaintiff's entire Charge of Discrimination is directed towards a claim of retaliation as the result of his subsequent complaint, not sex discrimination. (Id.) Accordingly, even if Plaintiff's claim for sex discrimination was not time-barred, it would be subject to dismissal as the result of Plaintiff's failure to exhaust his administrative remedies. As such, if the District Court were to disagree with this Court's determination that Plaintiff's claims are time-barred, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 9] and dismiss the claim for sex discrimination for failure to exhaust his administrative remedies.

**IV. Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 9] and **DISMISS** Plaintiff's Complaint.

Signed: June 23, 2016

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).