THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00291-MR-DLH

| | |
|---|---|
| MARTIN MAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RHA HEALTH SERVICES, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 9]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 17]; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 18].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the pending motion in the above-captioned action. On June 23, 2016, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 17], in which the Magistrate Judge recommended granting the Defendant's Motion to Dismiss. The parties were advised that any objections to the Magistrate Judge's

Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed his Objections to the Memorandum and Recommendation on July 11, 2016. [Doc. 18].

The Plaintiff first argues that the Magistrate Judge erred in concluding that his Complaint is time-barred. Specifically, the Plaintiff contends that the filing of his original lawsuit, Civil Case No. 1:15-cv-00266-MR-DLH ("the First Action"), and his prompt refiling of this action after the First Action's dismissal justifies the equitable tolling of the 90-day time period for the filing of his suit. [Doc. 18 at 1-2].

As the Court noted in its Order dismissing the Plaintiff's First Action, the Plaintiff had filed only a motion to proceed *in forma pauperis* and had not filed a complaint. [Civil Case No. 1:15-cv-00266-MR-DLH, Doc. 5]. Accordingly, the Plaintiff is not entitled to equitable tolling on the basis of this filing. See Baldwin Cnty. Welcome Center v. Brown, 466 U.S. 147, 149-50 (1984) (holding that filing of right-to-sue letter did not qualify as a complaint and thus did not warrant equitable tolling of 90-day time period). Even if the Plaintiff had filed a proper Complaint in the First Action, however, such a filing and subsequent dismissal would not serve as a basis for applying equitable tolling. See Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 329-30 (4th Cir. 2012) (noting the general rule "that a Title VII complaint that

has been filed but then dismissed without prejudice does not toll the 90-day limitations period"). For these reasons, the Court in its discretion declines to apply the principles of equitable tolling to this case.

After careful consideration of the Plaintiff's remaining Objections, the Court finds that the Magistrate Judge's proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 18] are **OVERRULED**; the Memorandum and Recommendation [Doc. 17] is **ACCEPTED**; the Defendant's Motion to Dismiss [Doc. 9] is **GRANTED**; and this case is hereby **DISMISSED**.

The Clerk shall enter a judgment simultaneously herewith.

**IT IS SO ORDERED.**

Signed: July 26, 2016

Martin Reidinger
United States District Judge